IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHANE MARCUM,

          Plaintiff,

v.                                                         CIVIL ACTION NO. 2:20-cv-00628

CORRECTIONAL OFFICER MICHAEL
BAILEY and WEST VIRGINIA DIVISION OF
CORRECTION AND REHABILITATION,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 2-1), the *Defendant West Virginia Division of Correction and Rehabilitation's Motion to Dismiss* (Document 12), the *Memorandum of Law in Support of Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 13), and the *Plaintiff's Memorandum in Opposition to West Virginia Division of Corrections Motion to Dismiss* (Document 16). For the reasons stated herein, the Court finds that the motion to dismiss must be denied.

**FACTUAL BACKGROUND**

The Plaintiff originally filed the complaint in this matter in the Circuit Court of Kanawha County, West Virginia, on July 1, 2020. The case was removed to this Court on September 23, 2020. The complaint alleges that while the Plaintiff was an inmate at the Mount Olive Correctional Complex, the Defendant, Correctional Officer Michael Bailey, used excessive force against the Plaintiff by spraying him with oleoresin capsicum (OC) spray without any cause.

In particular, the Plaintiff asserts that he was in his cell during pill pass and Defendant Bailey called him a "cracker." The Plaintiff asked Defendant Bailey why he called him a "cracker" and then, without further provocation, Defendant Bailey opened the Plaintiff's food slot and sprayed the Plaintiff with OC. Defendant Bailey refused to have the Plaintiff decontaminated from the OC. The Plaintiff removed his contaminated clothes. When the Plaintiff was later out of his cell, Defendant Bailey took the Plaintiff's contaminated clothes and bedding in an effort to conceal his actions. The Plaintiff was denied a medical checkup and was not decontaminated until he was able to shower the next day.

As a result of being sprayed with OC, the Plaintiff asserts that he experienced severe pain, suffering, burning of his eyes and skin, and shortness of breath. The Plaintiff further asserts that after Defendant Bailey learned that the Plaintiff was filing a grievance, he attempted to get gang members to beat the Plaintiff for filing a grievance against him. The Plaintiff alleges that the incident occurred while the Defendant was acting within the scope of his employment and under the color of state law.

The Plaintiff asserts that Defendant Bailey has sprayed other inmates without cause, both prior to and subsequent to this incident. Moreover, the Plaintiff asserts that Defendant Bailey has a history of using excessive force against inmates and was previously fired for harassing and beating another inmate without just cause. Despite knowledge of the Defendant's pattern of wrongful conduct, the Defendant West Virginia Department of Corrections (WVDOC) failed to follow policy and properly evaluate Defendant Bailey prior to exposing inmates to him. The Plaintiff argues that this violated both WVDOC policy and procedure and the Plaintiff's right to

be free from excessive force and cruel and unusual punishment as provided by the Eighth Amendment of the United States Constitution.

Based on these allegations, the Plaintiff asserts claims for intentional infliction of emotional distress and outrageous conduct; violations of the Eighth Amendment pursuant to 42 U.S.C. § 1983; and vicarious liability against the Defendant WVDOC. The Plaintiff is seeking damages up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein and requests damages for physical injury, emotional and mental distress, punitive damages against Defendant Bailey, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Moreover, the Plaintiff specifies that he is not asserting any claims made pursuant to 42 U.S.C. § 1983 against the West Virginia Department of Corrections (WVDOC) and that he is not asserting any claims for punitive damages against the state agency. The Plaintiff has exhausted all administrative remedies.

The Defendant WVDOC filed its motion to dismiss on November 12, 2020. The Plaintiff filed a response in opposition on November 25, 2020. The Defendant has not filed a reply. Accordingly, this matter is ripe for review.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678

(quoting *Twombly,* 550 U.S. at 570).  In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).  A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).  "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

### DISCUSSION

The Defendant WVDOC argues that it is entitled to qualified immunity from state law claims because no clearly established statutory or constitutional rights were violated.  The Defendant also argues that the Plaintiff's claim of intentional infliction of emotional distress/outrageous conduct should be dismissed against it because it is an agency, not a person, and therefore did not and cannot intentionally inflict emotional distress.  The Defendant next argues that the Plaintiff's claims under the United States Constitution and 42 U.S.C. § 1983 should be dismissed because state departments and agencies are not persons subject to suit under § 1983.  The Plaintiff argues that the Defendant is not entitled to qualified immunity because the actions clearly violated his constitutional rights and Defendant Bailey would have known that his conduct was a violation of the Plaintiff's constitutional rights.  Additionally, the Plaintiff reasserts that it is not making any claims against the Defendant WVDOC pursuant to 42 U.S.C. § 1983.

*A. Qualified Immunity*

To determine whether a state or its agencies are entitled to qualified immunity, the West Virginia Supreme Court has established a two-part test.[1]  First, for discretionary government functions, "a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive."  Syl. pt. 11, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 756 (W. Va. 2014).  A state, its agencies, and its officials are entitled to immunity from liability in the absence of such a showing.  *Id.*

If, however, the plaintiff identifies a clearly established right which has been violated by the acts or omissions of the state, its agencies, or its officials or employees, then "the court must determine whether such acts or omissions were within the scope of the public official or employee's duties, authority, and/or employment."  *Id.* at Syl. pt. 12.  If the court determines that the employee was acting within the scope of his employment or duties, then the state and its agencies may be held vicariously liable for such acts or omissions.  *Id.*

Accordingly, the Court must first determine whether Defendant Bailey's actions constitute a violation of a clearly established statutory or constitutional right; law of which a reasonable person would have known; or are otherwise fraudulent, malicious, or oppressive.  The Supreme Court of West Virginia has previously determined that the unprovoked or malicious use of OC

---

1 The Court also notes, as an aside, that the WVDOC is not entitled to immunity from suit as provided by Section 35, Article VI, of the West Virginia Constitution, because the Plaintiff has made clear that he is pursuing claims against the WVDOC only to the extent of any insurance coverage.  *Clark v. Dunn*, 465 S.E.2d 374, 377-80 (W. Va. 1995).  The WVDOC, as a state agency, is also not entitled to immunity from suit in federal court under the Eleventh Amendment because it removed this action to federal court, thereby waiving the immunity.  *Lapides v. Bd. of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613 (2002).

6

spray against inmates is a violation of clearly established rights under the Eighth Amendment. *Ballard v. Delgado*, 826 S.E.2d 620, (W. Va. 2019) (citing *Iko v. Shreve*, 535 F.3d 225, 235 (4th Cir. 2008) ("It is generally recognized that it is a violation of the Eight Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain."); Greene v. Feaster, 733 F.App'x 80, 82 (4th Cir. 2018) ("It has long been established that prison official violate the Eighth Amendment by using 'mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain.'")). Accepting the Plaintiff's factual assertions to be true, the Court finds that the Plaintiff has successfully demonstrated that Defendant Bailey's actions were in violation of a clearly established right.

Next, the Court must determine whether Defendant Bailey was acting within the scope of his duties, authority, and/or employment. Whether an act falls within the scope of employment generally presents a question of fact. *W. Va. Reg'l Jail*, 766 S.E.2d at 768. The West Virginia Supreme Court has outlined several factors to consider for purposes of determining whether an act is within the scope of employment including, whether "the conduct is 1) of the kind [the employee] is employed to perform; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master, and 4) if force is used, the use of force is not unexpectable by the master." *W. Va. Reg'l Jail*, 766 S.E.2d at 769 (quoting Restatement (Second) of Agency § 228 (1958)) (italics omitted). "Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Id.* (italics omitted).

Since the issue of whether Defendant Bailey was acting within the scope of his employment generally is fact determinative, for purposes of this motion the Court will analyze the motion as though Defendant Bailey was acting within the scope of his employment. Thus, the Court finds, the Plaintiff has stated a claim upon which relief can be granted and the Defendant is not entitled to dismissal based on qualified immunity.

*B. Intentional Infliction of Emotional Distress*

The Defendant also argues that, because it is an agency, it cannot intentionally inflict emotional distress and is, therefore, entitled to dismissal of the Plaintiff's allegations of intentional infliction of emotional distress/outrageous conduct. To state a claim for intentional infliction of emotional distress, a plaintiff must allege:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998).

The West Virginia Supreme Court has determined that in order for a plaintiff to demonstrate "outrageousness" it must be shown that "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Tanner v. Rite Aid of W. Va., Inc.*, 461 S.E. 2d 149, 157 (W. Va. 1995) (quoting Restatement (Second) of Torts § 46(1) (1965)). "Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination." *Id.* at Syl. pt. 4. An

8

employer may be held liable for the intentional infliction of emotional distress upon an individual if the employee was acting within the scope of his employment. *Alcon Labs*, 504 S.E.2d at Syl. pt. 5-6.

The unprovoked use of OC spray on a detained individual may reasonably be considered outrageous. See *Marshall v. Keansburg Borough*, 2013 WL 6095475 *10 (D. N.J. Nov. 20, 2013) (finding that a claim for intentional infliction of emotional distress could be maintained for conduct that included spraying the plaintiff, who was handcuffed and subdued, in the face with OC spray); *Garey v. Borough of Quakertown*, No. 12-799, 2012 WL 3562450 (E.D. Pa. Aug. 20, 2012) (finding the use of tasers by defendant police officer on the plaintiff after he was subdued to be sufficiently outrageous to sustain a claim for intentional infliction of emotional distress). Additionally, since the Court has previously determined that it will analyze this motion as though Defendant Bailey was acting within the scope of his employment during the alleged conduct, the Court finds that the claim for intentional infliction of emotional distress should not be dismissed against the Defendant at this juncture.

*C. Section 1983 Claim*

The Defendant next argues that it is entitled to dismissal of the claim brought pursuant to 42 U.S.C. § 1983, arguing that, as a state agency, it is not a person subject to suit under that statute. It is correct that, generally, a state and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Plaintiff, however, expressly stated in his complaint that he was making no claim against the Defendant WVDOC pursuant to § 1983. Where a plaintiff makes no claims against a state department or agency pursuant to § 1983, and instead makes § 1983 claims only against individual defendants, the

analysis used in § 1983 cases is "simply inapplicable." *W. Va. Reg'l Jail*, 766 S.E.2d at 763-64. As such, whether the Defendant WVDOC is subject to suit as a "person" under § 1983 is not relevant to the motion to dismiss. Since the Plaintiff has asserted no claims against the Defendant WVDOC pursuant to § 1983, its request to dismiss all § 1983 claims is moot.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant West Virginia Division of Correction and Rehabilitation's Motion to Dismiss* (Document 12) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 9, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA